IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| JASON POTTS,<br>    Plaintiff,<br>v.<br><br>THE AMERICAN NATIONAL BANK OF,<br>TEXAS,<br>    Defendant. | )<br>)<br>)   Civil Action No. 3:07-CV-1856-L<br>)<br>)<br>)<br>) |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

The District Court referred the Motion for Stay and to Compel Arbitration, filed on December 6, 2007, by Defendants Kathy Howe ("Howe") and The American National Bank of Texas ("ANB") (collectively "Defendants") to the United States Magistrate Judge for recommendation. The Court has considered the response and reply to the motion, and it is now ripe for consideration.

**Jurisdiction**

This case arose out of ANB's termination of Plaintiff's employment and a Non-Competition and Non-Solicitation Agreement ("Agreement") between Plaintiff and ANB. Howe was Plaintiff's supervisor. Defendants removed the case to this Court from the 382nd District Court for Rockwall County, Texas. Generally, jurisdiction after removal is based on the plaintiff's complaint as it existed at the time that the defendant filed the removal petition. *Lockwood Corp. v. Black*, 669 F.2d. 324, 326 (5th Cir. 1982); *In re Carter*, 618 F.2d. 1093, 1101 (5th Cir. 1980). Plaintiff's Original Petition asserts that Defendants are liable to him for breach of contract, tortious interference with business relations, conspiracy, business disparagement, and violation of the Health Insurance

Portability and Accountability Act of 1996 ("HPAA"), 42 U.S.C. § 1320d-2 (2006).[1] The Original Petition also seeks a declaratory judgment that the non-competition agreement is unenforceable, as well as a temporary and permanent injunction. This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1441.

## Procedural History

Plaintiff obtained leave of Court to file an Amended Complaint. On December 3, 2007, Plaintiff filed his First Amended Complaint. Howe is no longer a defendant, and Plaintiff asserts only state law claims for breach of contract, tortious interference with business relations, conspiracy to interfere with business relations and to breach contract, and business disparagement against ANB. He also seeks a declaratory judgment that his non-competition agreement with ANB is void and unenforceable.

Plaintiff filed a motion for voluntary dismissal which is pending before the District Court. Plaintiff contends that no federal claims remain and that the Court should exercise its discretion to dismiss the pendant state law claims. ANB opposes the motion on the ground that a voluntary dismissal would deprive it of its federal right to mandatory arbitration of this dispute. Accordingly, this Court will now address ANB's Motion for Stay and to Compel Arbitration.

## Facts

In September 2004, ANB hired Plaintiff as a Financial Consultant. ANB required Plaintiff to sign a non-competition and non-solicitation agreement. The Agreement provides in part that if Plaintiff should leave employment with ANB, ANB will allow him "to service . . . preexisting

---

[1] Specifically, Count Five of Plaintiff's Original Petition asserts that Howe violated "Plaintiff's federally protected right to privacy under HIPPA [sic]" by specifically discussing Plaintiff's medical condition with third parties. (Orig. Pet.)

accounts upon termination without limitations to products, services, and locations." The Agreement does not contain an arbitration clause. Plaintiff claims that when he joined the Wealth Management Group at ANB, he brought with him a substantial and preexisting book of business. While Plaintiff was employed at ANB, he used a registered broker/dealer, the Linsco/Private Ledger Corp. ("LPL"), in performing his job. Plaintiff entered into a separate contractual agreement with LPL ("the FIS Agreement" and the "Form U4") to enable him to use the LPL system. Plaintiff's contract with LPL provided that all disputes between Plaintiff and LPL were arbitrable. Howe, the Wealth Management Group Manager who is a NASD Series 24 licensed registered principal, supervised Plaintiff. ANB contends that the Court's dismissal of the pendant state law claims would deprive it of its federal right to mandatory arbitration of its disputes with Plaintiff.

## **Mandatory Arbitration**

Section 2 of the Federal Arbitration Act, 9 U.S.C. § 2 provides:

> A written provision in any maritime transaction or a contract evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising out of such contract or transaction, or the refusal to perform the whole or any part thereof, or an agreement in writing to submit to arbitration an existing controversy arising out of such a contract, transaction, or refusal, shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract.

9 U.S.C. § 2.

"[A]s a matter of federal law, any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration, whether the problem at hand is the construction of the contract language itself or an *allegation of waiver, delay, or a like defense to arbitrability*." *See Moses H.*

*Cone Memorial Hosp. v. Mercury Construction Corp.*, 460 U.S. 1, 24-25 (1983)[emphasis added]; *see also Fedmet Corp. v. M/V BUYALYK,* 194 F.3d 674, 677 (5th Cir. 1999).[2]

Additionally, Section 3 of the FAA provides:

> If any suit or proceeding be brought in any of the courts of the United States upon any issue referable to arbitration under an agreement in writing for such arbitration, the court in which such suit is pending, upon being satisfied that the issue involved in such suit or proceeding is referable to arbitration under such an agreement, shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement, providing the applicant for the stay is not in default in proceeding with such arbitration.

9 U.S.C. § 3 (2001). A court must defer claims to arbitration if (1) a valid agreement to arbitrate exists between the parties; (2) the claims in question fall within the scope of the arbitration agreement; and (3) no legal constraints external to the parties' agreement foreclose the arbitration of the claims. *See Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc.*, 473 U.S. 614, 626-28 (1985).

ANB does not claim that the Agreement contains an arbitration clause. Arbitration is not mandated under the statute because Plaintiff does not have a valid arbitration agreement with ANB. ANB seeks to invoke the equitable powers of the Court to compel arbitration under the intertwined-claims doctrine.

## **Equitable Estoppel**

---

[2] Texas law also favors arbitration argreements. *See Ford v. NYLCare Health Plans of the Gulf Coast*, *Inc.*, 141 F.3d 243, 250 (5th Cir. 1998) (noting "Texas courts favor arbitration") (*citing Monday v. Cox*, 881 S.W.2d 381, 384 (Tex. Civ. App.–San Antonio 1994, writ denied)); *see also Cantella & Co., Inc. v. Goodwin*, 924 S.W. 2d 943, 944 (Tex. 1996)(stating "federal and state law favor arbitration").

In *Grigson v. Creative Artists Agency, L.L.C.*, 210 F.3d 524, 527 (5th Cir. 2000), the Fifth Circuit Court of Appeals adopted the two-prong approach to the intertwined-claims doctrine established in *MS Dealer Service Corp. v. Franklin*, 177 F.3d 942, 947 (11th Cir. 1999):

> [E]quitable estoppel allows a nonsignatory to compel arbitration in two different circumstances. First, equitable estoppel applies when the signatory to a written agreement containing an arbitration clause must rely on the terms of the written agreement in asserting its claims against the nonsignatory. When each of a signatory's claims against a nonsignatory makes reference to or presumes the existence of the written agreement, the signatory's claims arise out of and relate directly to the written agreement, and arbitration is appropriate. Second, application of equitable estoppel is warranted when the signatory to the contract containing an arbitration clause raises allegations of substantially interdependent and concerted misconduct by both the nonsignatory and one or more of the signatories to the contract. Otherwise the arbitration proceedings between the two signatories would be rendered meaningless and the federal policy in favor of arbitration effectively thwarted.

*Grigson*, 210 F.3d at 527( quoting *MS Dealer Serv. Corp.*, 177 F.3d at 947.) The *Grigson* court noted that each case turns on its own facts, and that equitable estoppel is "much more readily available when the case presents both independent bases . . . for applying the intertwined claims doctrine." *Id*.

The Court must rely upon the Amended Complaint to determine whether the claims at issue plead conduct that "arises out of or is related to" the contract that includes an arbitration clause. *Collins & Aikman Building Prods. Co. v. Building Sys., Inc.*, 58 F.3d 16, 21 (2d Cir. 1995).

ANB asserts that:

(1) Plaintiff is subject to mandatory arbitration provisions under his registration with the National Association of Securities Dealers ("NASD") and his contract with Linsco/Private Ledger ("LPL"), his broker dealer;

(2) Plaintiff's claims against ANB rely on the express terms of his contract with LPL and NASD registration;

5

(3) Plaintiff alleges substantially interdependent and concerted misconduct by and between non-signatory ANB and an agent of signatory LPL; and

(4) The Federal Arbitration Act ("FAA") compels Plaintiff to arbitrate with ANB based on equitable estoppel.

(ANB's Reply at 1.)

Although Plaintiff's Original Complaint may have asserted some interdependent claims, a plain reading of Plaintiff's Amended Complaint shows that Plaintiff does not assert claims that rely upon the express terms of his contract with LPL or with his NASD registration. Plaintiff alleges that agents and employees of ANB acted in combination to disparage Plaintiff's good name to third parties, tortiously interfering with existing and prospective business relations between Plaintiff and his clients. Neither LPL nor a registered securities dealer is a party to this lawsuit, and Plaintiff asserts no claims against either the broker or a dealer. Moreover, Plaintiff's Amended Complaint seeks no relief that would involve LPL or NASD.

The Court finds that Plaintiff's Amended Complaint does not meet either prong of the *Grigson* test for applying the intertwined claims doctrine. *See Grigson*, 210 F.3d at 527. ANB has not shown that arbitration and a stay of these proceedings are warranted pursuant to the principle of equitable estoppel.

### RECOMMENDATION

The Court recommends that ANB's Motion for Stay and to Compel Arbitration, filed November 16, 2007, be DENIED.

Signed, February 4, 2008.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

## **INSTRUCTIONS FOR SERVICE AND**
## **NOTICE OF RIGHT TO APPEAL/OBJECT**

Pursuant to Title 28, United States Code, Section 636(b)(1), any party who desires to object to these findings, conclusions and recommendation must serve and file written objections within ten days. A party filing objections must specifically identify those findings, conclusions or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory or general objections. A party's failure to file such written objections to these proposed findings, conclusions and recommendation shall bar that party from a *de novo* determination by the District Court. *See Thomas v. Arn*, 474 U.S. 140, 150, 106 S. Ct. 466, 472 (1985). Additionally, any failure to file written objections to the proposed findings, conclusions and recommendation within ten days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).